IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Max Watkins, #243803, | ) | C/A No: 3:13-1129-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Leroy Cartlege, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

*Pro se* Petitioner, Robert Max Watkins, a state prisoner at the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC"), filed this Petition for Writ of Habeas Corpus. This matter is before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, for initial screening.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those

drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, the court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may also apply these rules to a habeas corpus petition not filed pursuant to § 2254). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**BACKGROUND**

The Petition filed in this case is Petitioner's second request in this Court for federal habeas relief based on his 2008 convictions.[1] *Watkins v. Dorriety*, C/A No. 3:12-342-CMC-JRM (D.S.C.) [hereafter, *Watkins I*]. The Court denied the *Watkins I* petition because the petitioner had not exhausted his available state court remedies. *See Watkins I*, ECF No. 12. No appeal was filed by Petitioner in *Watkins I*.

In the instant case, Petitioner claims that he is "being held in custody in violation of the Constitutional laws or treaties of the United States." ECF No. 1 at 3. He alleges that, on March 8, 2011, the South Carolina Court of Appeals reversed his criminal convictions of September 24, 2008, on charges of armed robbery and possession of a weapon during a violent crime under Indictment 2002-GS-23-1063.[2] Petitioner relates that on March 21, 2011, the South Carolina Attorney General's office filed a petition for rehearing with the South Carolina Court of Appeals, but on April 21, 2011, that court denied the petition. Petitioner claims that, because the Attorney General's Office did not file a petition for writ of certiorari, the South Carolina Court of Appeals sent its remittitur to the trial court on June 2, 2011, thus making its judgment of reversal final.

Plaintiff states that, on June 14, 2011, SCDC released him into the custody of the Greenville County Detention Center ("GCDC") on a "No Bond for Court," apparently under the

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). Petitioner has used a form created by this court for the filing of state prisoner complaints rather than for habeas petitions, but he has labeled the form "28 U.S.C. § 2241" and asks for relief only that the court "issue an order to release [him] from SCDC." ECF No. 1 at 1, 15. Accordingly, the court has construed the form as a petition for habeas corpus relief.

[2] As explained in *Watkins I*, "Petitioner alleges that this was his second trial on indictment no. 2002-GS-23-1063, and that he was previously tried and convicted on October 25, 2002, but that conviction was reversed on January 31, 2008." 3:12-342-CMC-JRM, 2012 WL 16553000, at *2

same arrest warrants under which he was tried and convicted in September 2008, which were "suppose[d] to be dismissed upon the filing of Indictment 2002-GS-23-1063 pursuant to S.C. R. Crim. P. Rule 3(c)." ECF No. 1 at 4. Petitioner claims that, unbeknownst to him, while he was held at GCDC, Assistant Deputy Attorney General Salley W. Elliott failed to timely forward the denial of rehearing to Assistant Attorney General William M. Blitch, Jr., "who was the appointed designee handling [Petitioner's case] on appeal." ECF No. 1 at 4. Per Petitioner, when Elliott did forward the denial of rehearing, it was too late to file a petition for a writ of certiorari because the South Carolina Court of Appeals had already sent its remittitur, thus relinquishing its jurisdiction over his case. Petitioner asserts that, when Blitch did receive the denial, he filed an expedited motion to recall the remittitur. Petitioner complains that his appellate defender, Elizabeth Franklin Best, "owed [him] a duty . . . to file a return" and, in neglecting to do so, his defender aided the state in violating his due process and equal protection rights. ECF No. 1 at 5. Petitioner claims that the South Carolina Court of Appeals interpreted Best's failure as a consent to the requested relief and, on June 30, 2011, recalled its remittitur. Petitioner contends that, by this action, the South Carolina Court of Appeals wrested jurisdiction over his case from the trial court.

Petitioner states that, because the trial court no longer had jurisdiction over his case, he contacted James M. Dorriety, the Assistant County Administrator over the GCDC, "inquiring into [GCDC] personal jurisdiction over me to hold me in custody on a No Bond for Court, when my case had been called back up to the S.C. Court of Appeals." ECF No. 1 at 6. Petitioner provided to Dorriety documents showing that Indictment 2002-GS-23-1063 "had never been

---

(Apr. 11, 2012).

properly filed against" him with the trial court, and the three-year statute of limitations had since expired. ECF No.1 at 7. According to Petitioner, Dorriety said that the South Carolina Court of Appeals had submitted the remittitur in his case "in error" and then recalled it. *Id.* at 8. Because the state's petition for writ of certiorari was still pending, the appeals process had not yet concluded, and Petitioner would "remain classified as a sentenced inmate." *Id.* Petitioner claims that, on December 15, 2011, Dorriety modified his entry in the GCDC Inmate Booking system to reflect that Petitioner was arrested on June 14, 2011, was held under Indictment 2002-GS-23-1063, and was sentenced on September 24, 2011. After a January 28, 2012 letter from Petitioner, Dorriety agreed that Greenville County did not have jurisdiction over Petitioner and, on January 30, 2012, SCDC took Petitioner into custody. Petitioner asserts this is error, as he was neither convicted nor sentenced on September 24, 2011, and is wrongly being held by SCDC without a criminal court judgment or commitment order. Plaintiff contends that, as a result of a conspiracy, he is being held "unlawfully in violation of the Constitutional laws or treaties of the United States." ECF No. 1 at 14.

## DISCUSSION

The Petition filed in this case should be dismissed because Petitioner has still not fully exhausted his state remedies. Following Petitioner's September 24, 2008 conviction, in *State v. Watkins*, C/A No. 2002-GS-23-1063, the South Carolina Court of Appeals reversed his conviction, on March 8, 2011. On July 14, 2011, the South Carolina Attorney General's Office filed its petition for writ of certiorari in the South Carolina Supreme Court, appealing the South Carolina Court of Appeals' reversal of Petitioner's September 28, 2008 conviction. The South Carolina Supreme Court granted the Attorney General's petition for writ of certiorari on

November 14, 2012. *Shearouse Advance Sheet No. 41* (November 14, 2012).[3] Consequently, Petitioner is not a pre-trial detainee, awaiting re-indictment and re-trial, but rather he is a state prisoner awaiting final disposition of his direct appeal in the South Carolina Supreme Court, the state's highest court.

As explained to Petitioner in *Watkins I*, 3:12-342-CMC-JRM, 2012 WL 16553000 (Apr. 11, 2012), his sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270 (1971); *Moore v. DeYoung*, 515 F.2d 437, 442–43 (3d Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). Exhaustion of state court remedies "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (citing *Braden*).

Section 2254's exhaustion requirement provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or

---

[3] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>    (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).

Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts have consistently held that exhaustion is necessary under § 2241, just as it is necessary under § 2254. *See, e.g., Braden*, 410 U.S. at 490–91; *Moore*, 515 F.2d at 442–43. Hence, pre-trial detainees involved in state criminal proceedings who seek to bring challenges to their custody pursuant to § 2241, as well as state prisoners who seek to challenge their custody on any basis that may properly be raised pursuant to § 2241, must first exhaust their state-court remedies before seeking federal habeas corpus relief.

Moreover, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989). In *Cinema Blue*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue,* 887 F.2d at 52. Additionally, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this Court from enjoining such proceedings. *See Bonner v. Circuit Court*, 526 F.2d

1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*

The doctrine of exhaustion of state remedies requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor*, 404 U.S. at 276. Thus, Petitioner's direct appeal, which is currently pending in the South Carolina Supreme Court, must be pursued to its completion. If the South Carolina Supreme Court vacates the South Carolina Court of Appeals' reversal of Petitioner's conviction, then Petitioner may file a petition for post-conviction relief ("PCR application"). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 *et seq.*, is a viable state-court remedy. *Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170–73 & n.1 (4th Cir. 1977). If Petitioner files a PCR application which is later denied, he must then seek state appellate review of that PCR denial before he can be said to have exhausted his available state remedies. Review of PCR denials is sought in state appellate courts by way of a petition for writ of certiorari as provided under South Carolina Appellate Court Rule 243 and S.C. Code Ann. § 17-27-100. Such review must be sought and completed by a state prisoner or else federal collateral review—under either 28 U.S.C. § 2254 or § 2241—of the grounds raised in the PCR application will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 n.27 (4th Cir. 1986); *Mason v.*

*Procunier*, 748 F.2d 852, 853–54 (4th Cir. 1984); *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981).

Because it is clear from the face of the pleadings in this case that Petitioner has several viable state court remedies (direct appeal, PCR, appellate review of PCR) which have not been fully utilized, this Court should not keep this case on its docket while Petitioner's state remedies are being exhausted. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus in this case be dismissed with prejudice and without requiring a response from the Respondent.

Joseph R. McCrorey
United States Magistrate Judge

June 10, 2013
Columbia, South Carolina

**Petitioner is referred to the notice page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).